IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVIN ANDERSON, | ) | 8:19CV88 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF NEBRASKA, DOUG PETERSON, Attorney General, DR. MARY PAINE, KRISTI EGGER-BROWN, Attorney, ROBERT G. ARIAS, PHILLIP HAMILTON, HEATHER BLAIR, WEBB BANCROFT, SALLY STREETER, CHANNPOX, Officer, and BARRY, Officer, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Devin Anderson, filed this case on February 25, 2019, and he has since been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated below, the court determines that action should be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

As best as the court can determine, Plaintiff has been civilly committed to the Norfolk Regional Center in Norfolk, Nebraska, as a dangerous sex offender. Plaintiff alleges he was falsely accused of sexual assault in 2014. Plaintiff proclaims his innocence and alleges Defendants conspired to violate his constitutional rights when a mental health board committed him to the regional center. Plaintiff does not request any specific relief.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. ANALYSIS

Liberally construing Plaintiff's Complaint, he is seeking unspecified relief under 42 U.S.C. § 1983[1] by claiming that his commitment to the Norfolk Regional

---

[1] To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Center is invalid. Under applicable law, however, such a claim can only be pursued in federal court through a habeas corpus proceeding, and Plaintiff must first exhaust his state court remedies.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), involving a § 1983 action brought by a state prisoner seeking damages from prosecutors and a police investigator whose actions allegedly caused him to be unlawfully convicted, the Supreme Court stated:

> This case lies at the intersection of the two most fertile sources of federal-court prisoner litigation—the Civil Rights Act of 1871, Rev.Stat. § 1979, as amended, 42 U.S.C. § 1983, and the federal habeas corpus statute, 28 U.S.C. § 2254. Both of these provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation. In general, exhaustion of state remedies "is *not* a prerequisite to an action under § 1983," *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982) (emphasis added), even an action by a state prisoner, *id.,* at 509, 102 S.Ct., at 2564. The federal habeas corpus statute, by contrast, requires that state prisoners first seek redress in a state forum. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).
>
> *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), considered the potential overlap between these two provisions, and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983. *Id.,* at 488-490, 93 S.Ct., at 1835-1837. We emphasize that *Preiser* did *not* create an exception to the "no exhaustion" rule of § 1983; it merely held that certain claims by state prisoners are not *cognizable* under that provision, and must be brought in habeas corpus proceedings, which do contain an exhaustion requirement.

*Id.* at 480-81 (footnote omitted; emphasis in original). The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87 (footnote omitted).

While *Heck* and *Preiser* involved criminal convictions, the Court's reasoning in those cases applies equally to civil commitments. As explained by the United States Court of Appeals for the Ninth Circuit, in affirming the dismissal of a § 1983 action brought by a civil detainee seeking damages and declaratory relief against a California Sexually Violent Predators Act ("SVPA") evaluator:

> *Heck*'s favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus. Unlike the PLRA [Prison Litigation Reform Act], the habeas statute is not textually limited to "prisoners." Rather, § 2254 directs that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a *person in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement. *See Duncan v. Walker,* 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (stating that a state court order of civil commitment satisfies § 2254's "in custody" requirement). We therefore conclude that *Heck* applies to SVPA detainees with access to habeas relief.

*Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *see Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015) (unpublished) (civil detainee cannot maintain § 1983 action seeking damages for having been recommitted based on his violation of allegedly unconstitutional conditions of release because a successful damages claim would vitiate the basis for his commitment; plaintiff "must first have the custody invalidated, either in state proceedings or through a federal collateral attack under 28 U.S.C. § 2254, before he can refile those claims and proceed under

§ 1983."); *Thomas v. Schmitt*, 380 F. App'x 549, 550 (7th Cir. 2010) (unpublished) (plaintiff civilly committed as a sexually violent person cannot bring § 1983 action seeking to recover damages against examining psychologist who allegedly falsified a report which led to his commitment unless and until his commitment is invalidated); *Carter v. Bickhaus*, 142 Fed.App'x 937, 938 (8th Cir. 2005) (unpublished) (affirming dismissal of civilly committed detainee's claims for damages and injunctive relief as *Heck*-barred, and holding he could not seek release as method of relief under §1983, but instead had to seek release in habeas corpus petition after he exhausted his state remedies).

### IV. CONCLUSION

Plaintiff's complaint fails to state a claim upon which relief can be granted. His claim challenging the validity of his commitment to the Norfolk Regional Center is *Heck*-barred. He will not be allowed to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's action is dismissed without prejudice.

2. Judgment will be entered by separate document.

3. The clerk of the court is directed to send Plaintiff a form petition for a writ of habeas corpus under 28 U.S.C. § 2254.

DATED this 1st day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge